John Waynne Knisley, Plaintiff *v.* Pennsylvania Board of Probation and Parole, Commonwealth of Pennsylvania, Defendant.
Joseph K. Quinnan, Plaintiff *v.* Board of Probation and Parole, Commonwealth of Pennsylvania, Defendant.

Submitted on brief, May 3, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John Wayne Knisley*, appellant, for himself.

*Joseph K. Quinnan*, appellant for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for defendant.

OPINION BY JUDGE CRUMLISH, JR., August 25, 1976: Before us are the preliminary objections of the Board of Probation and Parole (Board) to the mandamus complaints filed by Plaintiffs, Joseph K. Quinnan and John Wayne Knisley. Since the cases involve similar facts and legal issues, they will be disposed of in a single opinion.

On February 20, 1970, Plaintiff Knisley was sentenced to a term of 2 to 12 years. On December 15, 1975, he was sentenced to 4 to 18 years after pleading guilty to burglary charges arising while he was

on parole for the 1970 conviction. Upon his recommitment as a convicted parole violator, the Board extended his maximum sentence on the 1970 conviction from November 19, 1981 to December 15, 1985.

On April 3, 1961, Plaintiff Quinnan was sentenced to terms of 3 to 10 years and 2 1/2 to 5 years. In April, 1968, Quinnan was released on parole. On September 18, 1975, he was sentenced to 4 to 23 months after conviction on charges arising while he was on parole for the 1961 convictions. Upon his recommitment, the Board extended his maximum sentence on the 1961 conviction from March 24, 1976, to November 30, 1983.

In both cases, the Board did not give credit for "street time" (time spent out of prison while on parole) when it extended the maximum sentences. Plaintiff Quinnan seeks relief in mandamus against the Board directing it to order his immediate release from custody since the maximum sentence originally imposed has expired. Plaintiff Knisley seeks relief in mandamus against the Board directing it to restore to him the period of time he spent on parole. Both Plaintiffs challenge the constitutionality of the Board's extension of maximum sentences.

The Board has filed preliminary objections in both cases alleging that Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a (Act), provides the Board with authority to recommit a parolee when he commits a new criminal offense while on parole for another criminal conviction and to extend the expiration of the original maximum term.

This Court has previously held that Section 21.1 of the Act, 61 P.S. §331.21a, gives the Board the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence origi-

nally imposed. *Mitchell v. Board of Probation and Parole,* 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975) ; *Commonwealth ex rel. Hall v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435 (1971). Furthermore, the constitutional challenges to this procedure were rejected by this Court in *Williams v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 633 (1971).

Plaintiffs cite *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1942), for the proposition that the Board's extension of the expiration date of the maximum sentence upon parole violation is unconstitutional. However, *Banks* held unconstitutional the portions of the Act which gave the Board power to either extend the duration of the parole beyond the maximum term or to discharge a parolee prior to expiration of the parole period. Although the distinction between the Board's action in *Banks* and its action in the instant case is subtle, it is nevertheless critical since here, in altering the expiration dates of sentences, the Board is not altering the total time to be served by a convict under a court-imposed sentence. In *Banks, supra,* it was held that the Board clearly could not require a person to remain on parole for a term of years in excess of the maximum number of years of the court-imposed sentence. In the instant cases, Plaintiffs are not given credit for their "street time" and, therefore, upon recommitment for parole violation, must serve time for the duration of their previously-imposed original sentence.

Therefore, there is no usurpation by the Board of the judicial function of sentencing nor is there a denial of the procedural safeguards and fundamental constitutional rights to which persons are entitled in the judicial procedure which ultimately leads to their sentencing if convicted.

We therefore

## ORDER

AND NOW, this 25th day of August, 1976, the preliminary objections of the Board of Probation and Parole are hereby sustained and the complaints in mandamus filed by John Wayne Knisley and Joseph K. Quinnan are hereby dismissed.