IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Kelly,                          :
                    Petitioner            :
                                          :
         v.                               :    No. 878 C.D. 2015
                                          :    Submitted: February 12, 2016
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: May 6, 2016

         Appellant Joseph J. Kelly, *pro se*, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative review of the Parole Board's decision recommitting him as a convicted parole violator to serve his unexpired term of 1 year, 10 months and 1 day. Kelly argues that the Parole Board erred in calculating his parole violation maximum date and by not giving him credit for time he spent at liberty on parole. We affirm the Parole Board's order.

         On November 28, 2011, Kelly was sentenced to an aggregate term of incarceration of 9 months and 22 days to 3 years and 11 months. Kelly's earliest release date was April 16, 2012, and his maximum release date was May 25, 2015. Kelly was released on parole on August 27, 2012.

         On May 5, 2013, the Pennsylvania State Police stopped Kelly for erratic driving. He failed a field sobriety test and was taken to the hospital for a blood test, which revealed a blood alcohol level of .091%. On May 20, 2013, the

State Police arrested Kelly for Driving Under the Influence of Alcohol or Controlled Substance (DUI), Driving on Roadways Laned for Traffic, and Careless Driving (Arrest 1). Also, on May 20, 2013, Kelly was stopped by the Maryland State Police for speeding and was charged with DUI (Arrest 2).

On July 18, 2013, the Parole Board was notified of the above arrests and the pending criminal charges. On July 23, 2013, the Parole Board declared Kelly delinquent effective July 19, 2013.

While the criminal charges were pending, on July 22, 2013, Kelly was arrested in Maryland for Negligent Driving, Driving on a Suspended License and Privilege, DUI, and Driving While Impaired by Alcohol (Arrest 3). On September 24, 2013, Kelly pled guilty to DUI and was sentenced to 60 days of imprisonment. Despite the Parole Board's active warrant to detain Kelly, he was released to the street.

On October 1, 2013, Kelly contacted the Parole Board and turned himself in. He was arrested and transported to Adams County Prison. On that same day, the Parole Board issued a warrant to commit and detain Kelly.

On October 3, 2013, Kelly waived his right to a parole revocation hearing and admitted that he committed and was convicted of DUI (Arrest 3) while on parole. Certified Record at 13 (C.R. at __ ). Additionally, Kelly waived his right to a parole violation hearing and admitted that he violated the terms and conditions of his parole, specifically No. 3A – failure to obey written instructions; No. 3B (2 counts) – failure to notify of new charges; and No. 7 (3 counts) – alcohol use. C.R. at 14. On November 4, 2013, the Parole Board recommitted Kelly to a state correctional institution as a technical parole violator to serve six months

2

backtime and as a convicted parole violator to serve six months backtime. C.R. at 15-16.

On December 16, 2013, Kelly pled guilty to DUI (Arrest 1) and was sentenced to 5 days to 6 months. Thereafter, on January 23, 2014, Kelly waived his right to a parole revocation hearing and admitted that he committed and was convicted of DUI (Arrest 1) while on parole. C.R. at 18-26. On February 26, 2014, the Parole Board recommitted Kelly to a state correctional institution as a convicted parole violator to serve six months backtime. C.R. at 55-56. The Parole Board calculated his parole violation maximum date as September 12, 2016, but noted it was subject to change. C.R. at 55-56.

Finally, on August 28, 2014, Kelly was convicted of DUI (Arrest 2) in Maryland and sentenced to one year of imprisonment. Kelly's sentence commenced on August 4, 2014, and was to run concurrent with his Pennsylvania sentence. C.R. at 62. On September 24, 2014, Kelly waived his right to a parole revocation hearing and admitted that he committed and was convicted of DUI (Arrest 2) while on parole. C.R. at 60. On February 12, 2015, the Parole Board recommitted Kelly to a state correctional institution as a convicted parole violator to serve his unexpired term of 1 year, 10 months and 1 day as a result of his conviction for DUI. The Parole Board concluded that Kelly was

> [n]ot amenable to parole supervision. Declared delinquent by the Board. Conviction in a Court of Record established. … Considered a threat to the safety of the community at this time (alcohol related). Aggravating factor: Third DUI conviction this parole period.

C.R. at 88-89. The Parole Board calculated Kelly's parole violation maximum date to be June 28, 2016. C.R. at 88-89.

3

On March 27, 2015, Kelly filed a petition for administrative review seeking a recalculation of his maximum sentence date. The Parole Board denied Kelly's petition on April 17, 2015. Kelly now petitions this Court for review.

On appeal,[1] Kelly raises two issues: (1) whether the Parole Board erred in not giving him credit for his time spent at liberty on parole, and (2) whether the Parole Board can extend his maximum sentence. The Parole Board contends that it has statutory authority to deny convicted parole violators credit for the period they were at liberty on parole, also known as "street time."

First, we consider the issue of credit for Kelly's time spent on parole. Section 6138(a) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a), governs the Parole Board's authority to recommit parolees who have committed new criminal offenses while on parole. Section 6138(a)(1) provides:

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1). Where the Board recommits a parolee as a convicted parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under*

---

[1] This Court's review is to determine whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

*paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2). Section 6138(a)(2.1) of the Prisons and Parole Code provides that, "[t]he [Parole] [B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three enumerated exceptions, none of which are applicable in this case.[2] 61 Pa. C.S. §6138(a)(2.1).

Kelly does not challenge the Parole Board's decision to recommit him as a convicted parole violator for his DUI conviction on Arrest 2. Under the above-cited provisions of the Prisons and Parole Code, the Parole Board acted within its discretion by recommitting Kelly to serve the remainder of his term with no credit for his street time. Pennsylvania law presumes that the Board acted lawfully and exercised its discretion in good faith, *see Office of the Governor v. Donahue*, 98 A.3d 1223, 1239 (Pa. 2014), and Kelly does not contend otherwise. Accordingly, we reject Kelly's argument that the Parole Board erred in not giving him credit for time spent at liberty on parole.

---

[2] In full, Section 6138(a)(2.1) states:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders);
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

Kelly further argues that the Parole Board violated his right not to be placed in double jeopardy by not crediting him for his street time. It is well-established that double jeopardy does not apply to parole revocation proceedings. *McClure v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). Further, the Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Accordingly, we reject Kelly's double jeopardy argument.

We next consider Kelly's challenge to the Board's recalculation of his maximum sentence date. At the outset, we note that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Furthermore, "the constitutional challenges to this procedure [have been] rejected by this Court…." *Id*. Thus, because Kelly committed a new crime before the expiration of the maximum sentence originally imposed, the Parole Board did not err in recommitting him as a convicted parole violator to serve the balance of his sentence.

Further, when computing the time remaining on a convicted parole violator's original sentence, his street time is added to the original maximum sentence date to create a new maximum expiry. *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007). When Kelly was paroled on August 27, 2012, his maximum sentence date was May 25, 2015. C.R. at 95. Therefore, Kelly had 2 years, 8 months, 28 days remaining on

6

his sentence.  He was returned to custody on August 28, 2014.  *Id*.  Kelly received credit for the 10 months, 27 days he was incarcerated on the Board's detainer from October 1, 2013, to August 28, 2014.  *Id*.  Thus, Kelly had 1 year, 10 months, and 1 day remaining on his sentence, making his parole violation maximum date June 28, 2016.  Thus, the Board did not commit an error of law in recalculating Kelly's maximum sentence date to be June 28, 2016.

For these reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Kelly, : 
          Petitioner : 
           : 
         v. :   No. 878 C.D. 2015
           : 
Pennsylvania Board of Probation : 
and Parole, : 
         Respondent : 

# **O R D E R**

AND NOW, this 6th day of May, 2016, the order of the Pennsylvania Board of Probation and Parole dated April 17, 2015, in the above-captioned matter is hereby AFFIRMED.

                           _____

                           MARY HANNAH LEAVITT, President Judge