# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvon R. Daniels,             :
        Petitioner        :
                      :
        v.              :    No. 393 C.D. 2015
                      :    Submitted: April 29, 2016
Pennsylvania Board of Probation  :
and Parole,             :
        Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: June 8, 2016

Alvon R. Daniels petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative review of the Parole Board's decision recommitting him as a convicted parole violator to serve six months backtime. Daniels argues that the Parole Board erred in calculating his parole violation maximum date and not giving him credit for his time spent at liberty on parole. We affirm the Parole Board's order.

On June 6, 2012, Daniels was sentenced to a term of 11 months and 7 days to 4 years of confinement. Daniels' earliest release date was December 18, 2012, and his maximum release date was January 11, 2016.

On May 8, 2013, Daniels received Conditions Governing Parole/Reparole which stated, in part, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing,

to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." Certified Record at 7 (C.R. ___). Daniels agreed to the conditions of parole. On May 9, 2013, Daniels was released on parole to begin serving an 18-month federal detainer sentence.

In May 2014, Daniels was transferred from the federal penitentiary to Catholic Social Services, a federal halfway house. On August 25, 2014, the Scranton Police Department arrested Daniels on new drug charges, and he was confined at the Lackawanna County Prison. On August 25, 2014, the Parole Board was notified of Daniels' arrest and the pending criminal charges.

On September 3, 2014, the Parole Board issued a warrant to commit and detain Daniels. On September 10, 2014, the Parole Board gave Daniels notice of charges and detention hearing; on that same day, he waived his right to a detention hearing. By decision recorded on October 10, 2014, the Parole Board detained Daniels pending disposition of criminal charges.

In the meantime, Daniels remained incarcerated in Lackawanna County Prison on the new criminal charges because he did not post bail. On October 3, 2014, Daniels pled guilty to use/possession of drug paraphernalia and was sentenced to one month to six months[1] to be served consecutive to his present original sentence.

On November 24, 2014, Daniels waived his right to a parole revocation hearing and acknowledged his conviction of use/possession of drug paraphernalia in Lackawanna County while he was on parole. C.R. 38-40. On

---

[1] Daniels was given credit on his new sentence for the time he was incarcerated in the Lackawanna County Prison, from August 29, 2014, to October 3, 2014. C.R. 35.

2

December 29, 2014, the Parole Board recommitted Daniels to a state correctional institution as a convicted parole violator to serve six months backtime. C.R. 60-61. The Parole Board calculated Daniels' parole violation maximum date to be June 6, 2017. *Id.* Daniels petitioned for administrative review, challenging the Parole Board's decision to extend his maximum term of imprisonment. The Parole Board denied Daniels' petition on February 13, 2015. Daniels now petitions this Court for review.

On appeal,[2] Daniels raises three issues: (1) whether the Parole Board erred in determining that he was at liberty on parole while serving his federal detainer sentence and, if he was, whether the Parole Board erred in failing to give him credit for that time; (2) whether the Parole Board could extend his maximum sentence; and (3) whether the Parole Board's decisions on December 29, 2014,[3] and February 13, 2015,[4] violated the collateral estoppel doctrine, the double jeopardy clause, the cruel and unusual punishment clause, and the due process and equal protection clauses. The Parole Board contends that it has statutory authority to deny convicted parole violators credit for the period they were at liberty on parole, and its adjudication should be affirmed.

First, we consider the issue of credit for time spent at liberty on parole. Daniels argues that he was not at "liberty on parole" because he was

---

[2] This Court's review is to determine whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[3] The Parole Board's decision dated December 29, 2014, recommitted Daniels as a convicted parole violator and recalculated his parole violation maximum date.

[4] The Parole Board's decision dated February 13, 2015, denied Daniels' petition for administrative review and affirmed the Parole Board's decision recorded December 29, 2014.

3

constructively paroled, *i.e.*, paroled on paper and not released to the street, while he was serving a federal detainer sentence. We disagree. An offender who is paroled from his original sentence to begin serving a new sentence is considered to be on constructive parole. *Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 n.1 (Pa. 1990). Where an individual has been constructively paroled, "he is nonetheless 'at liberty' from the original sentence from the time he begins to serve the new sentence." *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998). The term "at liberty on parole" does not mean liberty from all confinement, but merely means liberty from confinement as to the particular sentence from which the offender is paroled. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985). Thus, an individual on constructive parole is still "at liberty on parole." Here, when Daniels was constructively paroled to serve his federal sentence, he was "at liberty on parole" from his original Pennsylvania sentence. His argument to the contrary lacks merit.

Next, Daniels argues that he should receive credit for his time spent at liberty on constructive parole. Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a), governs the Parole Board's authority to recommit parolees who have committed new criminal offenses while on parole. Section 6138(a)(1) provides:

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

4

61 Pa. C.S. §6138(a)(1). Where the Parole Board determines to recommit a parolee as a parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Prisons and Parole Code states that "[t]he [Parole] [B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three enumerated exceptions, none of which are applicable in this case.[5] 61 Pa. C.S. §6138(a)(2.1).

Daniels does not challenge the Parole Board's decision to recommit him as a convicted parole violator for his new drug conviction but only its decision not to give him credit for street time. Under the Prisons and Parole Code, since Daniels was recommitted as a convicted parole violator, he was to be reentered to serve the remainder of his term and was not entitled to credit for time spent at liberty on parole[6] unless the Parole Board, in its discretion, determined to award him credit. 61 Pa. C.S. §§6138(a)(2), 6138(a)(2.1). Here, the Parole Board

---

[5] "The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply: (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders); (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)." 61 Pa. C.S. §6138(a)(2.1).

[6] Periods of constructive parole are forfeited upon an offender's recommitment as a convicted parole violator. *Bowman*, 709 A.2d at 948.

5

exercised its discretion and affirmatively chose to deny Daniels credit for time spent at liberty. C.R. 68-69. In *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 612, 616 (Pa. Cmwlth. 2016), *appeal granted*, ___A.3d ___ (Pa., No. 90 MAL 2016, filed May 23, 2016), this Court recognized that "there is no express requirement that the [Parole] Board issue a statement of reasons for denying credit to a [convicted parole violator] for time spent at liberty on parole," and held that the Parole Board "was not legally required to provide [the offender] with a statement of reasons for denying him credit for time spent at liberty on parole." Because the Parole Board was not required to explain its reason for not giving Daniels credit for his time spent at liberty on parole, we reject his argument.

In his second issue, Daniels asserts that the Parole Board erred in extending his maximum sentence date. At the outset, we note that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court…." *Id.* Thus, because Daniels was recommitted as a convicted parole violator, the Parole Board did not err by recalculating his parole violation maximum sentence date when it recommitted him.

Further, when computing the time to be served on a convicted parole violator's original sentence, the parolee's time spent at liberty on parole is added to the original maximum sentence expiration date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007). When Daniels was paroled on May 9, 2013, his

6

maximum sentence date was January 11, 2016. C.R. 58. Therefore, Daniels had 2 years, 8 months, 2 days, or 977 days, remaining on his sentence. He was returned to custody on October 3, 2014. *Id.* Adding 977 days to October 3, 2014, results in a new maximum sentence date of June 6, 2017, as found by the Parole Board. Thus, the Parole Board did not err in extending Daniels' maximum sentence to June 6, 2017.

Finally, Daniels argues that the Parole Board's decisions recommitting him as a convicted parole violator and denying his request for administrative relief violated the collateral estoppel doctrine, the double jeopardy clause, the cruel and unusual punishment clause, and the due process and equal protection clauses. Daniels premises these constitutional claims on the theory that the Board's decisions illegally altered a judicially-imposed sentence. Daniels' claims lack merit. It is well-established that double jeopardy does not apply to parole revocation proceedings. *McClure v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). Further, our Supreme Court has held that the Parole Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Likewise, the statutory provision denying a convicted parole violator credit for time spent at liberty on parole does not violate due process and does not amount to cruel and unusual punishment. *Id.* at 847 & n.8. There is no constitutionally protected liberty interest in receiving credit for time spent on parole. *Pittman*, 131 A.3d at 616 n.12.

For all the above reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvon R. Daniels,                          :
            Petitioner                     :
                                           :
        v.                                 :   No. 393 C.D. 2015
                                           :
Pennsylvania Board of Probation            :
and Parole,                                :
            Respondent                     :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Pennsylvania Board of Probation and Parole dated February 13, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge