IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Staley Williams,                          :
                    Petitioner            :
                                          :
         v.                               :        No. 181 C.D. 2016
                                          :        Submitted: September 9, 2016
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                       FILED: November 16, 2016

Staley Williams petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative review of the Parole Board's decision recommitting him as a convicted parole violator to serve 24 months backtime. Williams argues that the Parole Board erred because it did not explain its reason for not crediting Williams for time spent at liberty on parole. Further, Williams challenges the Parole Board's recalculation of his maximum sentence date to be September 15, 2019. For the reasons that follow, we affirm the Parole Board's order.

Williams is currently incarcerated in the State Correctional Institution at Graterford. His original conviction for drug charges resulted in a three to six year sentence. His minimum release date was September 3, 2012, and his maximum release date was September 3, 2015. Williams was paroled on April 4, 2011, and released to Adappt Treatment Services. The conditions of parole, which

Williams signed, stated: "If you are convicted of a crime committed while on parole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled, with no credit for time at liberty on parole." Certified Record at 20 (C.R. __).

On September 9, 2014, Williams was arrested for drug related charges and confined in the Berks County Prison. On October 16, 2014, Williams was recommitted for six months for multiple technical parole violations. C.R. 64-66. On April 16, 2015, Williams pled guilty to: (1) corrupt organizations; (2) criminal use of a communication facility; and (3) two counts of manufacture, delivery, and possession with the intent to deliver a controlled substance. On that same day, the trial court sentenced Williams to two to five years confinement in a state correctional institution. C.R. 75. Williams received credit on his new sentence for his confinement from September 10, 2014, to April 16, 2015.

On July 27, 2015, Williams waived his right to a parole revocation hearing and acknowledged his drug conviction in Berks County while he was on parole. On August 20, 2015, the Parole Board recommitted Williams as a convicted parole violator to serve twenty-four months backtime. C.R. 125-126.

On October 9, 2015, Williams filed an administrative appeal, challenging the timeliness of the Parole Board's determination, the calculation of his recommitment term, and the decision not to award him credit for time spent at liberty on parole. The Parole Board, finding no grounds for relief, affirmed its August 20, 2015, decision. Williams now petitions this court for review.

2

On appeal,[1] Williams raises three issues. First, Williams argues that the Parole Board erred in automatically denying him credit for time spent at liberty on parole without explaining its reasoning, in violation of Section 6138 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138. Second, Williams argues that if his new conviction, which forms the basis for the parole violation, does not fall within any excluded categories listed in Section 6138 of the Parole Code, his maximum sentence date should not be changed. Third, and relatedly, Williams submits that the language of Section 6138 of the Parole Code does not give the Parole Board the authority to extend a maximum sentence date. The Parole Board responds that it acted in accordance with the relevant statute and case law in its recommitment of Williams.

We address, first, Williams' argument that the Parole Board erred by automatically denying him credit for time spent at liberty on parole, also referred to as "street time." Specifically, Williams contends that the Parole Board violated Section 6138 of the Parole Code by failing to provide reasons for denying him credit for his street time. Section 6138 states, in relevant part:

> (a) Convicted violators.
>
> ***
>
> > (2)　If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under

---

[1] Our scope of review is to determine whether the Parole Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

paragraph (2.1), shall be given no credit for the time spent at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i)　The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa. C.S. §6138(a). Williams concedes that Section 6138 does not automatically entitle him to credit for his street time. Instead, he argues that the Parole Board, as part of exercising its discretion under Section 6138(a)(2.1), had to not only decide whether he forfeited his street time but also explain the reasoning behind that decision. Williams argues that the Parole Board's mere checking of a box on the hearing report form denying him credit was insufficient to demonstrate that the Board exercised its discretion.

This Court recently considered and rejected this identical issue in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth.), *appeal granted*, 137 A.3d 572 (Pa. 2016). There, this Court analyzed the language of Section 6138(a)(2.1), which grants the Parole Board discretion over whether to award credit to a recommitted parolee. We explained that

section 6138(a)(2.1) only states that the Board "may, in its discretion, award credit…." Based upon its plain language, there are no statutory standards in section 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised. It is well-

4

> settled that this Court cannot supply such guideposts as a matter of judicial construction. Ultimately, the absence of statutory standards further supports the conclusion that the Board's checking of "no" on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under section 6138 of the Parole Code.

*Id.* at 611 (citations omitted). Therefore, in accordance with *Pittman*, the Parole Board did not abuse its discretion by checking the "No" box on its hearing report form to indicate that it was not crediting Williams for his street time. Because no additional explanation was necessary, the Parole Board did not abuse its discretion under Section 6138(a)(2.1).

Next, Williams contends that because his new conviction was not for a crime excluded from credit consideration under Section 6138(a)(2.1)(i) the Parole Board erred in recalculating his maximum sentence date. Section 6138(a)(2.1)(i) expressly limits the discretion of the Parole Board by requiring it to deny credit for time spent at liberty on parole if a parolee has committed a crime of violence as defined in 42 Pa. C.S. §9714(g) or a crime requiring registration as a sex offender under 42 Pa. C.S. Ch. 97 Subch. H. 61 Pa. C.S. §6138(a)(2.1)(i). Williams argues that because he did not commit either of those types of crimes, the Parole Board erred by not awarding him credit and extending his maximum sentence date. We disagree.

That the Parole Board is statutorily prohibited from awarding credit to a parolee who has been recommitted for a crime of violence or requiring registration as a sex offender does not mean that the Board must award credit to a parolee who has not committed such a crime. Williams' crime is not expressly excluded from credit consideration by subsection (a)(2.1); however, the decision regarding whether to award a parolee credit remains discretionary with the Parole

5

Board. *Pittman*, 131 A.3d at 609. What is more, Williams' conditions of parole, which he signed on April 4, 2011, expressly stated that if he is convicted of a crime while on parole and recommitted, he will not be credited for the time spent at liberty on parole. C.R. 20. Accordingly, the fact that Williams was convicted of a crime that was nonviolent and did not require sex-offender registration did not necessitate that the Parole Board credit him for his street time.

In a related argument, Williams argues that the Parole Board erred in recalculating his maximum sentence date. Specifically, he argues that the Parole Board is not authorized to alter a judicially imposed maximum sentence. Initially, we note that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court.…" *Id.* Williams was recommitted as a convicted parole violator on April 16, 2015. Williams committed his new crime before his original sentence had expired, *i.e.*, prior to September 3, 2015. Accordingly, the Parole Board had the power to recommit Williams to serve the balance of his court imposed maximum sentence, resulting in a new maximum sentence date of September 15, 2019.[2]

---

[2] Williams' brief inaccurately states that 1301 days were added to his sentence. Williams' Brief at 9. The Parole Board correctly recalculated Williams' maximum sentence date by adding 1613 days. Williams was paroled on April 4, 2011, with a maximum sentence date of September 3, 2015. When he was paroled, he had 1613 days remaining on his sentence. The Parole Board's decision to recommit him as a convicted parole violator authorized the recalculation of his sentence to reflect that Williams received no credit for the time he spent at liberty on parole. Because Williams was convicted as a technical parole violator on October 16, 2014, and **(Footnote continued on the next page . . .)**

For these reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

---

**(continued . . .)**
recommitted to serve six months, he became available to begin serving the remainder of his original sentence on April 16, 2015.  Accordingly, adding 1613 days to Williams' start date yields a new maximum sentence date of September 15, 2019.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Staley Williams, : 
          Petitioner : 
  : 
        v. :   No. 181 C.D. 2016
  : 
Pennsylvania Board of Probation : 
and Parole, : 
         Respondent : 

# **O R D E R**

AND NOW, this 16th day of November, 2016, the order of the Pennsylvania Board of Probation and Parole dated December 14, 2015 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge