IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Green,      :
     Petitioner   :
           :
   v.        : No. 725 C.D. 2017
           : Submitted: February 2, 2018
Pennsylvania Board of Probation :
and Parole,       :
     Respondent  :


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT     FILED: April 19, 2018

   Michael Green (Green) petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his appeal of of his recommitment as a convicted parole violator to serve nine months backtime and setting a new maximum sentence date of December 23, 2019. Green contends that the Parole Board erred because it changed his court-ordered sentence, which it cannot do, and failed to provide him with a statement of reasons for its decision to deny him credit for time spent at liberty on parole before his arrest. For the reasons that follow, we vacate the Parole Board's order and remand this matter for further proceedings.

   On May 25, 2004, Green was sentenced to a term of incarceration of three to ten years for his drug conviction. At the time, Green's earliest release date was December 10, 2006, and his maximum release date was December 10, 2013.

On January 11, 2007, the Parole Board granted Green parole, and he was released on March 8, 2007. While on parole, on October 5, 2007, Green was arrested and charged criminally for using stolen credit cards. Certified Record at 23 (C.R. __). On January 30, 2008, Green pled guilty and was sentenced to three to 23 months in the Bucks County Correctional Facility. On February 22, 2008, Green was arrested and charged, *inter alia*, with forgery, theft by deception, and related crimes. On April 2, 2008, Green pled guilty and was sentenced to 12 to 24 months in a state correctional institution ("state detainer sentence"). C.R. 64-66.

Following a hearing, the Parole Board recommitted Green as a convicted parole violator to serve 12 months backtime. His maximum sentence date was calculated as January 5, 2015.

On September 21, 2009, the Parole Board granted Green reparole, and he was released on December 3, 2009, to serve the state detainer sentence. On May 28, 2010, the Parole Board granted Green parole on the state detainer sentence, and on December 2, 2010, he was released on parole to the Gaudenzia Diagnostic and Rehabilitation Center. C.R. 113-14.

On December 15, 2010, Parole agents arrested Green for a technical violation of his parole as a result of his unsuccessful discharge from Gaudenzia. The Board decided not to revoke Green's parole, and on February 22, 2011, Green reported to Coleman Hall in Philadelphia, from which he was successfully discharged on July 11, 2011.

On March 27, 2013, Green was arrested on new criminal charges for writing bad checks, receiving stolen property, theft by deception and other related crimes. C.R. 148. On July 9, 2013, Green was convicted of writing bad checks and sentenced to 23 months incarceration, to be followed by 24 months probation. C.R.

2

171. The Parole Board recommitted Green as a convicted parole violator to serve six months backtime, which established a maximum sentence date of January 15, 2018. C.R. 195.

On April 29, 2014, the Parole Board granted Green reparole. He was released on June 23, 2014, to the Kintock Erie Community Correction Center in Philadelphia, Pennsylvania. On February 24, 2016, Green was arrested for possession of controlled substances, possession with intent to deliver and unlawful use of a communication facility. On May 31, 2016, Green pled guilty to possession with intent to deliver and was sentenced to six to 23 months incarceration to be followed by three years probation.

Following a hearing, on September 19, 2016, the Parole Board recommitted Green as a convicted parole violator to serve 24 months backtime. Green's maximum sentence date was set at December 23, 2019. Green filed an administrative appeal challenging the absence of credit for his street time as well as the amount of backtime he was required to serve. The Parole Board granted Green's request for administrative relief and modified the period of backtime he was to serve from 24 months to nine months. Green now petitions this Court for review.

On appeal,[1] Green raises two issues. First, Green argues that the Parole Board does not have authority to extend a judicially-imposed sentence. Second, Green argues that the Parole Board failed to state its reasons for denying him credit for time spent at liberty on parole. The Parole Board responds that it has the statutory

---

[1] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

authority to deny convicted parole violators credit for the period they were at liberty on parole, and its adjudication should be affirmed.

In his first issue, Green argues that the Parole Board improperly modified his court-imposed sentence. It is well-settled that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976) (citing *Mitchell v. Board of Probation and Parole*, 335 A.2d 856 (Pa. Cmwlth. 1975)); *see also* Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2) ("If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole."). Any "constitutional challenges to this procedure [have been] rejected by this Court…." *Knisley*, 362 A.2d at 1148.

In any case, the Parole Board's revision of Green's maximum sentence date by adding the time he was at liberty on parole was "not an alteration of his judicially imposed sentence, but instead a requirement that he serve his full original sentence." *Mondelli v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1122 C.D. 2015, filed May 20, 2016), slip op. at 13 (unreported);[2] *see also Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) (Board's recalculation of the sentence of a convicted parole violator is "not an

---

[2] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value.

encroachment upon the judicial sentencing power."); *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 398 C.D. 2015, filed March 7, 2015), slip op. at 5 (unreported) ("extension of [a parolee's] maximum sentence date based on the length of time that he was at liberty on parole does not alter his judicially imposed sentence; rather, it merely requires him to serve his full original sentence."). This is because time spent at liberty on parole does not constitute service of a sentence of incarceration. *Mondelli*, slip op. at 13. In short, the Parole Board's recalculation of Green's maximum sentence date of release did not alter his judicially-imposed sentence.

In the alternative, Green urges this Court to "adopt a rule that as long as a parolee has not absconded and been declared delinquent, his maximum date should not be extended." Green's Brief at 22. Green contends that such a rule "would be consistent with the statute." *Id.* The Parole Code gives the Parole Board exclusive discretion to grant a convicted parole violator credit for time at liberty on parole. The Parole Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted parole by a period equal to the time when the prisoner was on parole." *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980) (quoting *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966), *overruled on other grounds* in *Commonwealth ex rel. Rambeau v. Rundle*, 314 A.2d 842 (Pa. 1973)). We reject Green's request.

In his second issue, Green argues that the Parole Board erred in failing to state its reasons for denying him credit for the time he spent at liberty on parole. In support, Green cites *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). The Parole Board responds that it properly exercised its

discretion in denying Green credit for time spent at liberty on parole and explained its decision in this regard.

> Section 6138(a)(1) of the Parole Code states as follows:
>
> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1). Where the Parole Board determines to recommit a parolee as a parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). The exception in Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1),[3] relates to crimes of violence or those requiring registration for sex offenses.

---

[3] It states:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders);
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

In *Pittman*, 159 A.3d 466, the parolee committed a new crime while on parole and was convicted. The Parole Board recommitted the parolee as a convicted parole violator, and did not award him credit for time spent at liberty on parole. The hearing report contained the statement: "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offense on pg. 8)." *Id.* at 469. The Board checked "No," without any explanation. The parolee sought administrative relief, seeking credit for the time he spent on parole. The Parole Board denied the parolee's request stating, "as a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole." *Id.* This Court affirmed, and the parolee appealed. The Supreme Court reversed and remanded.

The Supreme Court held that Section 6138(a)(2.1) grants the Parole Board discretion to award credit for street time when the convicted parole violator is recommitted, except for the exception in Subsections 6138(a)(2.1)(i) and (ii), which did not apply to the parolee in question. The Supreme Court concluded that the Parole Board erred and abused its discretion by denying the parolee's appeal on the stated ground that it lacked discretion to give him credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474. The Supreme Court acknowledged that Section 6138(a)(2.1) did not explicitly require the Parole Board to provide a contemporaneous statement of its reason for denying parolee credit for time spent at liberty on parole, but it held that due process requires that an appellate court "have a method to assess the [Parole] Board's exercise of discretion." *Pittman*, 159 A.3d at 474. The Supreme Court held that the Parole Board must give a reason for its exercise of discretion, while observing the statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

7

Here, the Parole Board exercised its discretion by choosing to deny Green credit for time spent at liberty.[4] C.R. 253. The hearing report read as follows:

BOARD ONLY - Credit time spent at liberty on parole: ☒ No ☐ Yes (Excluded offenses on pg. 8)

*Id.* The hearing report is identical to the one the Supreme Court found deficient in *Pittman*. It does not provide a reason for not granting Green credit.

The Parole Board responds that its reasons are set forth in its September 19, 2016, adjudication, which states, in relevant part, as follows:

> -24 MONTHS FOR THE OFFENSE OF MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT TO MANUFACTURE OR DELIVER.
>
> EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVIDING CONVICTION. DOCUMENTED [PAROLE BOARD] FORM.
>
> REASON: PATTERN OF PAROLE FAILURE IN YOUR CRIMINAL HISTORY. YOU ARE CONSIDERED A THREAT TO THE SAFETY OF THE COMMUNITY AT THIS TIME. NOT AMENABLE TO PAROLE SUPERVISION. PRIOR PAROLE/PROBATION FAILURE. CONVICTION IN A COURT OF RECORD ESTABLISHED.

C.R. 260.

In its hearing report, under the heading of "Reasons for TPV/CPV Decisions,"[5] the Board recorded the following:

---

[4] Since Green did not commit a crime of violence or a crime requiring registration as a sexual offender, the Parole Board had discretion to award Green credit towards his maximum sentence for time spent at liberty on parole.

[5] A parolee may be recommitted as a technical parole violator (TPV) for violating any of the technical terms and conditions of parole, and a parolee may be recommitted as a convicted parole violator (CPV) for being convicted of a crime committed while on parole.

REASONS FOR TPV/CPV DECISIONS

| | |
|---|---|
| ☐ Early failure on parole/reparole | ☒ Not amenable to parole supervision |
| ☒ Pattern of parole failure in your criminal history | ☒ Prior parole/probation failure |
| ☐ Declared delinquent by the Board | ☒ Conviction in court of record established |
| ☐ Failure to comply with sanctions | ☐ Violation(s) Established |
| ☒ You are considered a threat to the safety of the community at this time | |
| ☐ Other: _____ | |

C.R. 254. In short, the reasons set forth on the Parole Board's September 19, 2016, adjudication are identical to those in the hearing report and were recited to justify Green's recommitment as a convicted parole violator. They do not relate to the Board's decision not to grant Green credit for time spent at liberty on parole. By failing to provide a contemporaneous statement of reasons to Green for its denial of credit for time spent at liberty on parole, the Parole Board erred and abused its discretion. *Pittman*, 159 A.3d at 475.

      For these reasons, we remand this matter to the Parole Board for further proceedings consistent with the Supreme Court's opinion in *Pittman*.

                              _____

                              MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Green,                          :
                    Petitioner          :
                                        :
        v.                              :  No. 725 C.D. 2017
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :

# **O R D E R**

AND NOW, this 19th day of April, 2018, the order of the Pennsylvania Board of Probation and Parole (Board) dated April 25, 2017, in the above-captioned matter is hereby VACATED and this case is REMANDED to the Board to consider whether Petitioner should receive credit for time spent at liberty on parole in conformity with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge