# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Scott Wilson, Jr.,            :
                        Petitioner   :
                                     :
             v.                      :      No. 1336 C.D. 2019
                                     :      Submitted: May 22, 2020
Pennsylvania Board of Probation      :
and Parole,                          :
                        Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                      FILED: August 31, 2020


Joseph Scott Wilson, Jr. (Wilson) petitions for review of the August 20, 2019 Order of the Pennsylvania Board of Probation and Parole (Board)[1] that denied Wilson's Petition for Administrative Review (Petition) challenging the Board's recalculation of Wilson's maximum sentence date. The Board recommitted Wilson as a convicted parole violator (CPV), directed that Wilson serve 18 months' backtime, and recalculated Wilson's maximum sentence date from November 9, 2020, to April 19, 2023. On appeal, Wilson argues that the Board did not have the authority to alter his judicially imposed maximum sentence date and that Wilson is

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

owed a credit for time he spent in custody from February 17, 2017, to March 20, 2019, when Wilson was awaiting his trial and sentencing on new criminal charges.

On November 9, 2016, the Board released Wilson on parole from his original sentence,[2] which had a maximum sentence date of November 9, 2020. On February 16, 2017, Wilson was arrested for the following crimes: (1) person not to possess firearms; (2) resisting arrest; (3) carrying a firearm without a license; (4) recklessly endangering another person; and (5) possessing instruments of a crime. (Certified Record (C.R.) at 11-17.) On the same day, the Board issued a Warrant to Commit and Detain. (*Id*. at 18.) Wilson was charged on February 17, 2017. (*Id*. at 12.) Wilson did not post bail on the new charges and remained confined. (*Id.* at 41.) On March 20, 2019, Wilson pled guilty to one count of persons not to possess a firearm, and the remaining charges were *nolle prossed.* (*Id*. at 19-20.) He was sentenced to three to six years of incarceration. (*Id*.)

The Board issued a Notice of Charges and Hearing reflecting the new criminal conviction, which Wilson executed on April 15, 2019. (*Id*. at 21.) Wilson waived his rights to a parole revocation hearing and counsel, and he admitted that he pled guilty to a new criminal charge while on parole. (*Id*. at 30.) On April 20, 2019, a Revocation Hearing Report was produced, which recommended that Wilson be recommitted and that no credit be given for the time he spent at liberty on parole (street time). (*Id*. at 33, 35.) The Board issued an Order to Recommit, which denied Wilson's street time but allowed one day of credit for the time he was detained solely on the Board's warrant from February 16, 2017, to February 17, 2017. (*Id*. at 68.) At the time Wilson was released on parole, there were 1,461 days left on his sentence. (*Id*.) Wilson did not become available to serve his new sentence until

---

[2] Wilson pled guilty to fleeing or attempting to elude and was sentenced to three to seven years' incarceration. (Certified Record (C.R.) at 1.)

April 20, 2019, the date of the decision to revoke his parole and return him to custody. (*Id*. at 31-37, 68.) Based on the determination, the Board recalculated Wilson's new maximum date as April 19, 2023, by adding 1,460 days to April 20, 2019. (*Id*. at 68.) On May 20, 2019, the Board issued a Notice of Board Decision (Decision), which notified Wilson that he was to be recommitted as a CPV, would serve 18 months' backtime, and his new maximum date was April 19, 2023. (*Id*. at 70-71.)

Wilson filed the Petition on June 17, 2019, challenging the recalculation of his maximum sentence date. (*Id*. at 72-80.) The Board responded to Wilson's Petition by an Order mailed on August 20, 2019. The Board denied the Petition stating that Wilson had 1,461 days remaining on his original sentence when he was paroled, was not given credit for street time, and was awarded 1 day of backtime credit. (*Id.* at 81.) Therefore, the Board explained, Wilson had 1,460 days remaining on his original sentence when he was recommitted. Furthermore, the Board stated that because Wilson did not post bail, "[a]ny other credit in question will go, or has gone, towards your new state sentence when you were serving that sentence." (*Id.* at 81.) Citing Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5), the Board explained that this provision states that parole violators who receive another sentence must first serve the original sentence. (*Id*. at 82.) Noting that Wilson did not become available as a CPV to serve his original sentence until April 20, 2019, the Board calculated Wilson's new maximum sentence date as April 19, 2023. (*Id*.) Accordingly, the Board affirmed its Decision. Wilson filed a pro se Petition for Review with this Court.[3]

---

[3] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or

In his appeal to this Court, Wilson argues that the Board "cannot alter a Judicially Mandated Sentence." (Wilson's Brief (Br.) at 5, 6-7.) Wilson also asserts that his maximum sentence date should have only increased by 92 days, or at most 132 days, the amount of his time spent at liberty on parole (street time) because he should have received confinement credit on his original sentence for all of the time he was incarcerated from February 16, 2017, until his sentencing date of March 20, 2019. (*Id*. at 7-8.)

First, contrary to Wilson's contention, the Board did not alter the judicially imposed sentence. Rather, the Board altered the original maximum sentence date to reflect that Wilson had to serve the remaining balance of his original sentence, 1,460 days, which the Board has the power to do. *Knisley v. Pa. Bd. of Prob. & Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). The courts have repeatedly allowed the date of a maximum sentence to be extended to reflect the revocation of street time. *See Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 844 (Pa. 1979); *Knisley*, 362 A.2d at 1148. Specifically, the Board has "the power to recommit a [CPV] to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley*, 362 A.2d at 1148. Thus, we discern no error in the Board's recalculating Wilson's maximum sentence date in this regard.

Second, the Board's credit determination is supported by the record and precedent. The general rule regarding the allocation of credit for time served while awaiting the disposition of the new criminal charge was established in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Under *Gaito*, should a parolee fail "to satisfy bail requirement on the new criminal charges,

whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

4

. . . the time spent in custody shall be credited to his new sentence," not his original sentence. *Id.* at 571. When bail is not posted by the parolee and the parolee remains confined on both the new charges and the Board's warrant, the presentence time is applied to the new sentence unless it is not possible to apply all of that time to the new sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 305, 309 (Pa. 2003); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 353-54 (Pa. Cmwlth. 2007). "If, on the other hand, 'a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.'" *Armbruster*, 919 A.2d at 352 (quoting *Gaito*, 412 A.2d at 571 n.6) (emphasis omitted). It is well established that credit may not be applied to both the original sentence and the new sentence. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006) (precluding the award of double credit).

In the case before us, Wilson did not satisfy bail requirements on his new charges and thus was confined on both the new charges and the Board's warrant. (*See* C.R. at 41.) Wilson does not dispute this or argue that the sentence on his new criminal conviction is shorter than his presentence confinement. Nor would the record support such arguments. Wilson's new sentence is three to six years of incarceration, and his presentence confinement was 761 days, or 2 years, 1 month, and 3 days. Thus, per *Armbruster*, Wilson's presentence confinement time was applied or will be applied to his new sentence, and not the old, because his new sentence is longer than his presentence confinement. 919 A.2d at 352. To give him credit toward both his original sentence and his new sentence is not permitted. *See Barndt*, 902 A.2d at 595. Accordingly, the Board did not err in determining that the presentence conferment time would not be applied to the old sentence.

5

Finally, reviewing the Board's recalculation of Wilson's maximum sentence date, we discern no error. Wilson was paroled on November 9, 2016, with a maximum sentence date of November 9, 2020, thus 1,461 days were left on his sentence. The Board did not credit Wilson his street time, but allowed him one day of credit for the time he was solely detained on the Board's warrant, February 16, 2017, leaving him with 1,460 days remaining on his original sentence. Wilson became available to begin reserving his original sentence on April 20, 2019, and the Board recalculated his new maximum sentence by adding 1,460 days to that date to reach a new maximum sentence date of April 19, 2023. Therefore, the Board did not err in its recalculation of Wilson's maximum sentence date without giving him credit for the time he spent in presentence confinement on the new charges.[4] We therefore affirm the Board's Order.

RENÉE COHN JUBELIRER, Judge

---

[4] We note that Wilson's Petition for Review, challenging the August 20, 2019 Order, is dated September 11, 2019, although the envelope in which it was contained had a Pitney Bowes date of September 23, 2019 (which was a Monday). Given the vagaries of inmate mail, we would not *sua sponte* dismiss an inmate petition for review as untimely without asking the Petitioner to address the issue. However, given our disposition in this case, there is no need to do so.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Scott Wilson, Jr.,      :
           Petitioner    :
                          :
         v.              :    No. 1336 C.D. 2019
                          :
Pennsylvania Board of Probation   :
and Parole,                  :
           Respondent    :

# O R D E R

**NOW**, August 31, 2020, the Order of the Pennsylvania Board of Probation and Parole dated August 20, 2019, is **AFFIRMED**.

 

_____

**RENÉE COHN JUBELIRER,** Judge