IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Moore, :
                 Petitioner :
                 : No. 1604 C.D. 2016
            v. :
                 : Submitted: April 13, 2017
Pennsylvania Board of :
Probation and Parole, :
               Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: June 26, 2017

        Michelle M. Alaskey, Esquire (Counsel), of the Forest County Public Defender's Office, petitions the Court for leave to withdraw as counsel on behalf of David Moore (Moore). Moore petitions for review of the April 21, 2016 decision of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal and affirmed the Board's January 21, 2016 decision. Counsel seeks leave to withdraw on the grounds that Moore's petition for review lacks merit.

        On April 21, 1995, Moore was sentenced to a term of incarceration of 8 years and 4 months to 20 years after he was found guilty of aggravated assault. On April 24, 1995, Moore was sentenced to a consecutive term of incarceration of 1 year and 6 months to 5 years for robbery. Moore's original aggregate sentence was 9

years and 10 months to 25 years. Moore's original maximum sentence date was November, 5, 2019. (Certified Record (C.R.) at 1.)

Following the service of his minimum sentence, the Board voted to parole Moore by decision dated March 7, 2005. Moore signed an acknowledgment of the conditions governing parole on April 15, 2005. This acknowledgment advised him that if he was convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of his sentence, with no credit for time spent at liberty on parole. On April 18, 2005, Moore was released on parole. (C.R. at 9-12.)

On May 12, 2006, Moore was arrested for possession of a controlled substance by a person not registered. Moore was incarcerated in lieu of monetary bail. (C.R. at 13, 14.) On May 13, 2006, the Board issued a warrant to commit and detain Moore. (C.R. at 18.) Moore posted bail on May 13, 2006. (C.R. at 14.) Moore, however, remained incarcerated on the Board's detainer pending disposition of the criminal charges. (C.R. at 18, 34.) On November 14, 2006, the charge against Moore was dismissed. (C.R. at 15.) Moore was re-released on parole on December 13, 2006. (C.R. at 44, 162.)

On March 1, 2011, Moore was arrested and charged with possessing an instrument of crime and murder. (C.R. at 38.) Moore was incarcerated in lieu of monetary bail and bail was not posted. (C.R. at 42.) On March 2, 2011, the Board issued a warrant to commit and detain Moore. (C.R. at 40.) Moore was detained pending disposition of the charge. (C.R. at 53.) On August 29, 2011, Moore was acquitted of the charges at trial. Moore was re-released on parole on September 1, 2011. (C.R. at 79.)

On February 28, 2014, Moore was arrested and charged with several offenses, including aggravated assault, unlawful restraint, false imprisonment,

possessing an instrument of crime with intent, terroristic threats, endangering welfare, and harassment. (C.R. at 63, 88.) Moore was incarcerated in lieu of monetary bail. (C.R. at 56.) Monetary bail was set, but not posted. (C.R. at 56.) On February 28, 2014, the Board issued a warrant to commit and detain Moore. (C.R. at 67.) On March 7, 2014, the Board issued a notice of charges and hearing, and a hearing was scheduled for and held on March 18, 2014. (C.R. at 68, 71, 82.) Pursuant to the Board's decision recorded on April 7, 2014, Moore was detained pending disposition of the criminal charges. (C.R. at 84.) On April 29, Moore's bail was modified to release on his own recognizance, but he remained incarcerated solely on the Board's detainer. (C.R. at 107.)

On October 13, 2015, Moore pled guilty to possession of a firearm prohibited, endangering the welfare of children, simple assault, and terroristic threats with the intent to terrorize another and was sentenced to a term of incarceration of 5 to 10 years on the charge of possession of a firearm prohibited and an aggregate of 2 years, 6 months to 5 years for each of the other offenses, to be served concurrently with the firearm possession sentence. (C.R. at 124.)

On October 21, 2015, the Board issued a second notice of charges and hearing, with a hearing scheduled for November 30, 2015. (C.R. at 127.) Moore was granted a continuance to secure counsel, and the hearing was held on December 17, 2015. (C.R. at 132, 135.) By decision recorded January 21, 2016, and mailed February 17, 2016, the Board revoked Moore's parole and recommitted Moore as a convicted parole violator (CPV) to serve his unexpired term. This order indicated that Moore would receive credit for time spent incarcerated from May 12, 2006, to December 12, 2006, and from March 1, 2011, to September 1, 2011. Moore also received credit for the period of April 29, 2014, to October 13, 2015. The Board

3

recalculated Moore's parole violation maximum sentence date to be January 13, 2028. (C.R. at 160-62.)

On March 2, 2016, Moore's attorney faxed the Board an administrative remedies form challenging the Board decision, arguing that the Board's recalculation of Moore's parole violation maximum date was erroneous because the Board lacks authority to alter a judicially imposed sentence. Moore's administrative remedies form described the Board's action as imposing an illegal sentence and violative of constitutional law. (C.R. at 165.)

By decision mailed April 21, 2016, the Board denied Moore's petition and affirmed the January 21, 2016 decision. (C.R. at 167.) The Board explained that the decision to recommit Moore as a CPV gave the Board statutory authority to recalculate Moore's sentence to reflect that he received no credit for the period he was at liberty on parole pursuant to section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2). The Board indicated it advised Moore of this potential outcome via the acknowledgment of conditions governing parole that Moore signed on April 15, 2005. The Board also explained that the ability to challenge the recalculation satisfies Moore's due process rights, so the recalculation did not violate any constitutional provisions per *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979). (C.R. at 167.)

In the meantime, while the Board's decision as to the aforementioned administrative appeal was pending, the Board received a second administrative remedies form from Moore's attorney dated March 3, 2016, reiterating the earlier argument that the Board lacked the authority to alter a judicially imposed sentence. (C.R. at 177.) By decision mailed November 21, 2016, the Board denied Moore's appeal and affirmed the January 21, 2016 decision. The Board explained that it had

4

the authority to establish a parole violation maximum date for CPVs. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). The Board further stated that as a CPV, Moore was not entitled to receive credit for time spent at liberty on parole, per section 6138(a)(2) of the Parole Code. (C.R. at 180.)

On September 28, 2016, Counsel filed an application for leave to file a petition for review *nunc pro tunc*. By order dated October 17, 2016, we granted Counsel's application and accepted Moore's petition.

However, on February 7, 2017, Counsel filed an application for leave to withdraw and a no-merit "Turner" letter, detailing the reasons why she determined that Moore's appeal lacked merit. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel served copies of this letter on Moore and the Board.

In order to withdraw, Counsel must satisfy the procedural requirement set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the parolee of his request to withdraw, furnish the parolee with either a copy of a brief complying with *Anders v. State of California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf.

If counsel proceeds under *Turner*, the letter must contain: (1) the nature and extent of counsel's review; (2) the issues the parolee wishes to raise; and (3) counsel's analysis in concluding the parolee's appeal is without merit. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009); *Zerby v. Shannon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). We require counsel to comply with these requirements to ensure that a parolee's claims are considered and

that counsel has substantial reasons for concluding the claims are without merit. *Zerby*, 964 A.2d at 962.

In the present case, by letter dated February 6, 2017, Counsel explained the nature and extent of her review of the record, addressed the issues Moore wishes to raise, and set forth an analysis of those issues and her reasons for concluding they lacked merit. Counsel served copies of both her application to withdraw and the *Turner* letter on Moore and the Board. By order dated February 7, 2017, we advised Moore that he may obtain substitute counsel or file a brief on his own behalf and directed Counsel to serve a copy of the order upon Moore and file a certificate of service reflecting the same within 14 days. Counsel complied and filed a certificate of service with this court on February 10, 2017. Thus, Counsel has complied with the procedural requirements of *Craig*.

Having determined that Counsel satisfied the necessary procedural requirements to withdraw, we must now determine if Moore's appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009). Moore reiterates his argument that the Board erred as a matter of law by extending the judicially imposed maximum sentence beyond the original maximum sentence date.

The Pennsylvania Supreme Court provided a helpful distinction between judicially mandated sentences and backtime compelled by the Board upon parole violators in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003):

> A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a <u>new</u> criminal prosecution and which imposes the term of punishment to be served. By way of comparison, backtime is 'that part of an <u>existing</u> judicially-imposed sentence which the Board directs a parolee to

6

complete following a finding[,] after a <u>civil</u> administrative hearing[,] that the parolee violated the terms and conditions of parole,' and before the parolee begins to serve the new sentence.

*Martin*, 840 A.2d at 303 (emphasis in original) (citations omitted) (quoting *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984)).

Moore argues that the Board does not have the authority to increase or decrease the maximum term imposed by the judiciary based on *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897 (Pa. 1942). (C.R. at 177.) His reliance on this precedent is misplaced, as explained by the Court in *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146 (Pa. Cmwlth. 1976):

> *Banks* held unconstitutional the portions of the Act which gave the Board power to either extend the duration of the parole beyond the maximum term or to discharge a parolee prior to expiration of the parole period . . . In altering the expiration dates of sentences, the Board is not altering the total time to be served by a convict under a court-imposed sentence. In *Banks,* it was held that the Board clearly could not require a person to remain on parole for a term of years in excess of the maximum number of years of the court-imposed sentence. In the instant cases, Plaintiffs are not given credit for their 'street time' and, therefore, upon recommitment for parole violation, must serve time for the duration of their previously-imposed original sentence.

*Knisley*, 362 A.2d at 1148 (citations omitted).

In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979), the Pennsylvania Supreme Court addressed the argument that the denial of credit for time spent at liberty on parole represented an increase in the judicially mandated sentence. The Court reasoned that the Board was operating under the express authority of the General Assembly, so there was no unconstitutional usurpation of judicial power when the Board recommitted the petitioner beyond the

original maximum sentence date. *Id.* at 846-47. In that case, the petitioner's argument that the denial of credit for time at liberty on parole was effectively an extension of the maximum date failed because it sought to "equate time served on parole with time served in an institution." *Id.* at 846. The Court further stated that "mere lapse of time without imprisonment . . . does not constitute service of sentence . . . ." *Id.* (quoting *Anderson v. Corall*, 263 U.S. 193, 196 (1923)). This further reinforces that recommitting a CPV for the remainder of an unserved term is not an increase of the judicially mandated sentence.

Accordingly, as there is no basis in law or fact for the issues raised by Moore, we find his claim is without merit. Having found that Counsel satisfied the criteria under *Turner*, we grant Counsel's motion for leave to withdraw and affirm the Board's denial of administrative relief.

 

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Moore,                           :
          Petitioner          :
                                      :   No.  1604 C.D. 2016
          v.                      :
                                        :
Pennsylvania Board of                  :
Probation and Parole,                  :
          Respondent          :

## *ORDER*

      AND NOW, this 26th day of June, 2017, the application for leave to withdraw as counsel filed by Michelle M. Alaskey, Esquire, is granted.  The order of the Pennsylvania Board of Probation and Parole, dated November 16, 2016, is hereby affirmed.

                                      _____
                                        PATRICIA A. McCULLOUGH, Judge