# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Coker,                        :
                    Petitioner            :
                                          :
        v.                                :    No. 376 C.D. 2018
                                          :    Submitted: October 19, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                       **FILED: December 18, 2018**

Christopher Coker (Coker) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief following a Board recommitment and recalculation order. Also before us is a petition to withdraw as counsel filed by Coker's court-appointed attorney, Kent D. Watkins, Esquire (Attorney Watkins), on the ground that Coker's appeal is without merit. For the following reasons, we grant Attorney Watkins' petition to withdraw as counsel, and we affirm the Board's order.

In 2005, the Philadelphia County Court of Common Pleas (trial court) sentenced Coker to 7 to 14 years in prison based on his convictions for voluntary manslaughter and possession of an instrument of crime (original sentence). His original minimum and maximum sentence dates were August 12, 2010, and August 12, 2017, respectively.

In September 2012, the Board granted Coker parole; he was released about a month later. While on parole, police arrested Coker. Coker was charged with numerous new criminal offenses. The Board filed its warrant to commit and detain Coker in February 2014. The trial court set monetary bail for Coker on February 11, 2014. Coker did not immediately post bail. In June 2014, the trial court modified Coker's bail to release on recognizance.

The Board provided Coker with a notice of charges and its intent to hold a detention hearing on Coker's new charges. Shortly thereafter, the Board held a detention hearing. The Board subsequently issued a decision to detain Coker pending disposition of his new charges.

In January 2017, Coker was found guilty of several criminal offenses arising from his new charges. Sentencing was deferred until March 2017, and bail was revoked. Ultimately, the trial court sentenced Coker to an aggregate sentence of 15½ to 44 years in prison.

In March 2017, the Board provided Coker with a notice of charges and its intent to hold a revocation hearing based on Coker's new convictions. The Board subsequently held a revocation hearing at which Coker was represented by counsel. Ultimately, a Board hearing examiner and a Board member voted to recommit Coker as a convicted parole violator (CPV) for 30 months.

The Board's decision formally recommitted Coker, and it recomputed his original maximum sentence date as June 23, 2019. Coker filed a petition for

2

administrative relief in which he asserted the Board did not properly calculate "[his] time given by the [B]oard, return to custody date and re-parole date." Certified Record (C.R.) at 164. Coker also argued the Board did not give him credit for all time served exclusively on the Board's warrant. The Board denied Coker's petition for administrative relief. Coker filed a petition for review to this Court.

This Court appointed Attorney Watkins to represent Coker. Shortly after his appointment, Attorney Watkins filed his petition to withdraw as counsel based on his belief that Coker's appeal is without merit.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" Zerby, 964 A.2d at 962 (quoting Jefferson v. Pa. Bd. of Prob. & Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter; (2) a copy of the petition for leave to withdraw; and (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed by representing himself. Turner; Hughes. If counsel satisfies these technical requirements, this Court must conduct an independent review of the merits of the

3

case.  Turner; Hughes.  If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw and the petitioner will be denied relief. Turner; Hughes.

Here, Attorney Watkins' no-merit letter satisfies the technical requirements of Turner.  Attorney Watkins provided Coker with a copy of the no-merit letter and his request to withdraw.  He advised Coker of his right to retain new counsel or proceed by representing himself.[1]  The letter sets forth the procedural history of the case, reflecting Attorney Watkins' review of the record.  Attorney Watkins states he conducted a thorough review of the record.  He sets forth the issue Coker raised in his petition for review.  Attorney Watkins provides an analysis as to why the issue lacks merit.  He explains Coker's issue lacks merit because the Board properly allocated credit and its recalculation of Coker's maximum sentence date is correct.  Because we are satisfied that Attorney Watkins discharged his responsibility in complying with the technical requirements of a no-merit letter, we conduct an independent review to determine whether the issue raised in Coker's petition for review lacks merit.[2]

In his petition for review, Coker raises one issue: whether the Board erred in failing to afford him credit for all of the time he served exclusively pursuant to the Board's warrant.

---

[1] Coker filed a brief on his own behalf.

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence.  Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). If a parolee is recommitted as a CPV, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §§6138(a)(2), (2.1). "When computing the time yet to be served on the original sentence, the [CPV's] street time is added to the original maximum expiration date to create a new maximum expiry." Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). Further, where a parolee is paroled from a state correctional institution and a new state sentence is imposed on him, the parolee must serve the balance of his original state sentence before serving the new sentence. 61 Pa. C.S. §6138(a)(5)(i).

In addition, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). Time incarcerated shall be credited to a CPV's original term only when he has satisfied bail requirements on the new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. Id.

Here, when the Board released Coker on parole in October 2012, his original maximum sentence date was August 12, 2017. C.R. at 12. Thus, at that time, Coker had 1,753 days remaining on his original sentence. C.R. at 156. The Board provided Coker with credit totaling 956 days on his original sentence for the periods he was incarcerated solely on the Board's detainer (February 11 through February 12, 2014, and June 3, 2014, through January 13, 2017). Id. Based on Gaito, the Board properly applied this credit to Coker's original sentence.[3]

Subtracting the 956 days of credit from the 1,753 days remaining on Coker's original sentence at the time of his parole, results in a total of 797 days remaining on Coker's original sentence. C.R. at 156. Adding 797 days to Coker's custody for return date of April 17, 2017 results in a new maximum sentence date of June 23, 2019, as the Board properly determined. Id. Accordingly, we grant Attorney Watkins' petition to withdraw as counsel and affirm the Board's order denying administrative relief.[4]

_____

[3] On the other hand, Coker was not detained solely on the Board's warrant between February 12, 2014 (the date the new criminal charges were filed) and June 3, 2014 (the date his bail was changed to release on recognizance). Certified Record at 130, 156. Thus, Coker was not entitled to credit toward his original sentence for this period. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980).

[4] In the brief filed on his own behalf, Coker argues the Board violated statutory and constitutional law pursuant to the separation of powers doctrine and due process when it added 797 days to his original sentence. Coker asserts that under the separation of powers doctrine, the judicial branch controls every judicially imposed sentence. Once that sentence is imposed, Coker contends, it is provided to the Department of Corrections so an individual can serve no more than his maximum sentence. Coker maintains the Board's only role is to supervise the judicially imposed sentence. Under the separation of powers doctrine, Coker argues, the Board lacks power to alter a judicially imposed sentence. He asserts the Board can only recommit a parolee for the balance of his unexpired term. Coker contends altering and imposing any additional sentence violates double jeopardy because it imposes multiple punishments for the same offense and the right to due process because a parolee's liberty interest cannot be taken without first holding a

_____

ROBERT SIMPSON, Judge

_____

hearing in a venue with jurisdiction over both parties. Coker maintains the Board violated his rights by failing to give him credit for time spent at liberty on parole and by adding 797 days to his original sentence.

However, Coker did not raise these issues in his petition for administrative relief with the Board. Thus, they are waived. McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) ("It has been the holding of this [C]ourt that issues not raised by a [petitioner] before the Board in an administrative appeal are waived for purposes of appellate review by this court.").

In any event, even if not waived, Coker's arguments lack merit. Contrary to Coker's assertions, the Board has "the power to recommit a [CPV] to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." Knisley v. Pa. Bd. of Prob. & Parole, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court …." Id. Indeed, "[t]he statutory provision denying credit for time spent on parole … does not violate constitutional due process, equal protection and the prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment, and ex post facto laws." Bellamy v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 439 C.D. 2014, filed May 7, 2015), slip op. at 6-7, 2015 WL 5413883, at *4 (citations omitted).

In addition, we recognize: "The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (citation omitted). However, contrary to Coker's assertions, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (en banc). Additionally, the Supreme Court specifically holds that the Board's authority to extend maximum sentence expiration dates under such circumstances does not usurp the courts' sentencing functions or violate a parolee's due process rights. Gaito. And, contrary to Coker's assertions, "[the] Board has not … unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole." Young v. Bd. of Prob. & Parole, 409 A.2d 843, 846 n.5 (Pa. 1979) (citation omitted). As such, even if properly preserved, Coker's arguments lack merit.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Coker,               :
           Petitioner      :
                            :
          v.              :   No. 376 C.D. 2018
                            :
Pennsylvania Board of            :
Probation and Parole,            :
           Respondent      :

## O R D E R

**AND NOW**, this 18th day of December, 2018, we **GRANT** Kent D. Watkins, Esquire's petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

_____
ROBERT SIMPSON, Judge
