IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Schieber,                            :
                    Petitioner            :
                                          :
            v.                            :    No. 1357 C.D. 2019
                                          :    Submitted: March 19, 2021
Pennsylvania Board of Probation and       :
Parole,                                   :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                      FILED: July 22, 2021


        Sean Schieber petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Board)[1] denying his administrative
appeal. Schieber's appointed counsel, Victoria Hermann, Esquire (Counsel), has
filed a motion to withdraw as counsel, along with a no-merit letter. For the following
reasons, we grant Counsel's motion to withdraw and affirm the Board's decision.

        In 2009, Schieber pled guilty to two counts of unlawful sale or transfer
of a firearm; possession with intent to manufacture, sell, or deliver a controlled
substance; and criminal conspiracy. He was sentenced to a term of incarceration of
5 to 10 years at a State Correctional Institution (SCI). On September 8, 2014,

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole
was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December
18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of
the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Schieber was paroled from SCI-Frackville. At the time of his parole, Schieber's maximum sentence date was December 18, 2018.

On September 11, 2017, the Upper Darby Police Department arrested Schieber and charged him with various firearms-related offenses, possession of marijuana, possession of drug paraphernalia, driving under the influence of a controlled substance (DUI), and careless driving. On that same day, the Board issued a warrant to commit and detain Schieber for violating the conditions of his parole. Schieber did not post bail and remained confined to the Delaware County Prison on the new criminal charges.

On August 22, 2018, Schieber pled guilty to possession of a prohibited firearm, possession of a small amount of marijuana, and DUI in the Delaware County Court of Common Pleas. He was sentenced to 30 to 60 months of confinement in an SCI. Thereafter, on November 20, 2018, the Board provided Schieber with a Notice of Charges and Hearing. Schieber waived his right to be represented by counsel and to a panel hearing. On November 28, 2018, the Board conducted a parole revocation hearing.[2]

By decision dated December 28, 2018, the Board recommitted Schieber as a convicted parole violator to serve his unexpired term of one year, three months, and six days. The Board, in its discretion, awarded Schieber credit for the time he spent at liberty on parole from September 8, 2014, to September 11, 2017. The Board recalculated Schieber's maximum sentence date to March 26, 2020.[3] In doing so, it found that he was returned to custody on December 20, 2018.

---

[2] Because Schieber waived his right to a panel hearing, the revocation hearing was held before a hearing examiner.

[3] Although this maximum sentence date has passed, this matter is not rendered moot. If the Court was to grant Schieber's appeal, time served on his original sentence could be applied to his new

2

Schieber filed an administrative appeal with the Board challenging the calculation of his maximum sentence date. Schieber contended his return to custody date should have been September 14, 2018, not December 20, 2018. Additionally, Schieber alleged he owed 368 days of backtime on his original sentence, and therefore, his maximum sentence date should be December 21, 2019.

The Board denied his request for administrative relief by decision mailed on August 22, 2019. The Board explained that, at the time Schieber was paroled from SCI-Frackville on September 8, 2014, he had 1,562 days remaining on his sentence. Schieber was given credit for the time he was at liberty on parole from September 8, 2014, to September 11, 2017—or 1,099 days. In addition, the Board gave Schieber credit for one day that he was incarcerated on both its detainer and the new criminal charges, from September 11, 2017, to September 12, 2017. Subtracting 1,100 days (1,099 days + 1 day) from his remaining 1,562 days left a total of 462 days remaining on his original sentence. Adding 462 days to December 20, 2018, the date on which Schieber became available to commence service of his original sentence, the Board calculated his new maximum sentence date on his original sentence to be March 26, 2020. The Board explained that Schieber was not available to begin serving the backtime on his original sentence until December 20, 2018, when it recommitted him as a convicted parole violator. Finally, the Board explained that any time Schieber spent incarcerated that was not credited toward his original sentence would be credited towards his new sentence.

On September 24, 2019, Schieber, *pro se*, petitioned this Court for review. He raises seven issues that we have combined into three for clarity. First, he argues the Board erred by not allowing him to serve his new sentence

sentence. Further, records from the Department of Corrections indicate that Schieber is currently incarcerated at SCI-Forest. *See* http://inmatelocator.cor.pa.gov/#/ (last visited July 12, 2021).

concurrently with the remaining balance of his original sentence. Second, he contends the Board lacked the authority to extend his maximum sentence date beyond that imposed by the sentencing court, and that Section 6138(a)(1) of the Parole Code, 61 Pa. C.S. §6138(a)(1),[4] which authorizes the Board to do such recalculation, is unconstitutional. Third, Schieber argues the Board placed him in double jeopardy when it increased his original sentence because of his new criminal convictions. Because Schieber filed his petition *pro se*, the Court appointed the Public Defender of Forest County to represent him in this appeal. On February 9, 2021, Counsel filed a motion to withdraw as counsel and a no-merit letter asserting Schieber's appeal lacks merit.[5]

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements that appointed counsel must meet to withdraw from representation of a parolee. This Court summarized the requirements as follows:

> [Appointed] counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter[,] which details "the nature and extent

---

[4] Section 6138(a) of the Parole Code states, in relevant part:

(a)    Convicted Violators.—

(1)    A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1).

[5] Counsel's prior application to withdraw as counsel was denied for failure to address each issue raised in Schieber's appeal of the Board's decision. *See Schieber v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1357 C.D. 2019, filed February 4, 2021).

4

of [appointed counsel's] review and list[s] each issue the petitioner wished to have raised, with [appointed] counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928). Appointed counsel must also send the parolee a copy of the no-merit letter that satisfies the *Turner* requirements, furnish the parolee with a copy of appointed counsel's motion to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).

We conclude that Counsel's no-merit letter satisfies the *Turner* requirements because it addresses each issue raised in Schieber's appeal. The record establishes Counsel sent Schieber copies of her no-merit letter and motion to withdraw, and advised Schieber of his right to retain new counsel or proceed with his appeal *pro se*. Because the *Turner* requirements have been met, we address the merits of the underlying claims.

First, Schieber argues the Board should have allowed him to serve his new sentence concurrently with the remaining balance of his original sentence. Section 6138(a)(5)(i) of the Parole Code states as follows:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(5)(i). In other words, the two sentences must be served consecutively where the original and new sentences are to be served in an SCI. Thus, Schieber must serve the balance of his original sentence first before serving his new sentence. The Board did not err in so holding, and Schieber's first argument lacks merit.

Second, Schieber contends the Board erred in extending his maximum sentence beyond the date imposed by the sentencing court. He argues Section 6138(a)(1) of the Parole Code, 61 Pa. C.S. §6138(a)(1), which authorized the Board's recalculation of his original sentence, is unconstitutional.

The Board has the "power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976) (citing *Mitchell v. Board of Probation and Parole*, 335 A.2d 856 (Pa. Cmwlth. 1975)). Further, "the constitutional challenges to this procedure [have been] rejected by this Court[.]" *Knisley*, 362 A.2d at 1148; *see also Daniels v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 393 C.D. 2015, filed April 29, 2016) (unreported).[6]

Here, Schieber committed his new crimes on September 11, 2017, prior to the maximum sentence date for his original sentence, which was December 18, 2018. Therefore, the Board had the statutory authority to recommit Schieber as a convicted parole violator and to recalculate his original sentence.

---

[6] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Additionally, in *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018), this Court explained that in recommitting a convicted parole violator, "the Board did not impose an additional sentence on [the parolee,] but, rather, directed [the parolee] to complete the original judicially[ ]mandated sentence." Thus, by recalculating Schieber's maximum sentence date, the Board did not extend his sentence, but merely required him to complete his original judicially mandated sentence.

Finally, Schieber argues the Board placed him in double jeopardy when it recalculated his maximum sentence date after his new criminal convictions, which violated the Fifth Amendment of the United States Constitution and Article 1, Section 10 of the Pennsylvania Constitution. U.S. CONST. amend. V; PA. CONST. art. 1, §10.

This Court has consistently held that the protection against double jeopardy is inapplicable in parole revocation proceedings, which are administrative in nature and not part of a criminal prosecution. *McClure v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983); *Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984); *see also Detelich v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 691 C.D. 2020, filed March 30, 2021) (unreported). It is well established that the Board's authority to recalculate the maximum sentence date of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Consequently, we reject Schieber's double jeopardy argument.

For these reasons, we conclude Counsel has fulfilled the no-merit letter requirements set forth in *Turner* and our independent review of the record confirms

7

Schieber's issues lack merit.  Accordingly, we grant Counsel's motion to withdraw as Schieber's counsel in this matter and affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean Schieber, : 
          Petitioner : 
           : 
        v. :   No. 1357 C.D. 2019
           : 
Pennsylvania Board of Probation and : 
Parole, : 
          Respondent : 

# **O R D E R**

AND NOW, this 8th day of July, 2021, the Motion to Withdraw as Counsel filed by Victoria Hermann, Esquire, is GRANTED, and the adjudication of the Pennsylvania Board of Probation and Parole, dated August 22, 2019, in the above-captioned matter is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita