IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durango Anderson, II,                    :
                    Petitioner           :
                                         :
        v.                               :  No. 813 C.D. 2019
                                         :  Submitted: February 4, 2022
Pennsylvania Board of Probation and      :
Parole,                                  :
                    Respondent           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: March 25, 2022

Durango Anderson, II (Anderson) petitions for review of the Pennsylvania
Board of Probation and Parole's (Board)[1] May 29, 2019 order affirming its February
13, 2018 decision. In that decision, the Board recommitted Anderson as a convicted
parole violator (CPV) to serve 48 months of backtime, awarded him no credit for
time spent at liberty on parole, and recalculated his maximum parole violation date
as January 14, 2032. Anderson's counsel, Victoria Hermann, Esquire (Counsel), has
submitted an Amended Motion to Withdraw as Counsel (Amended Motion to

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole
Board after Anderson filed his Petition for Review. *See* Sections 15, 16, and 16.1 of the Act of
December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and
6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Withdraw) along with a *Turner* letter.[2] Counsel contends the arguments raised by Anderson in his Petition for Review are frivolous and without merit. After thorough consideration, we grant Counsel's Amended Motion to Withdraw, remand this matter to the Board for the sole purpose of correcting a time credit calculation that was erroneously in Anderson's favor, and otherwise affirm the Board's May 29, 2019 order.

## I. Background

On May 14, 1991, Anderson pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to 6 counts of robbery and was sentenced to an aggregate term of 12 to 30 years in state prison. Certified Record (C.R.) at 1. The Board paroled Anderson on March 27, 2003, at which point the maximum date on these sentences was August 2, 2020. *Id.* at 3-6.

On February 19, 2014, the Philadelphia Police Department (PPD) began investigating allegations that Anderson had repeatedly molested his then-seven-year-old daughter. *Id.* at 16. The City of Philadelphia's (City) Department of Human Services, the PPD's Special Victims Unit, and the Philadelphia Children's Alliance

---

[2] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Com*[.] *v. Porter*, [. . .] 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, [. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter")[, referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Com*[.] *v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

2

each swiftly investigated these accusations and found them to be credible. *Id.* at 17-35. The Board issued a detainer warrant for Anderson on February 28, 2014, based upon Anderson's technical violations of his parole terms, which resulted in Anderson being arrested and placed at Coleman Hall, a halfway house in the City, that same day. *Id.* at 36, 54-55, 63. On March 5, 2014, Anderson waived his rights to a parole violation hearing and to counsel, and admitted to a technical violation of his parole terms. *Id.* at 59-60.

On March 11, 2014, the Trial Court issued a temporary protection from abuse order against Anderson, barring him from contact with his minor daughter and her mother. *Id.* at 40-53.

On March 19, 2014, PPD officers arrested Anderson at Coleman Hall and subsequently charged him with 22 counts of various sexual offenses. *Id.* at 63-65, 70, 78, 80, 82, 86, 92-101. On March 20, 2014, the Trial Court set Anderson's bail at $125,000, which he was unable to post. *Id.* at 114. On April 3, 2014, Anderson again waived his rights to a parole revocation hearing and to counsel. *Id.* at 88-89. On May 1, 2014, the Board ordered that Anderson be detained pending resolution of these criminal charges and that he serve six months of backtime on his May 1991 sentence as a technical parole violator (TPV). *Id.* at 104-05. On June 12, 2014, the Trial Court removed the monetary bail requirement and released Anderson on his own recognizance. *Id.* at 114.

On September 27, 2017, a jury found Anderson guilty of 1 count of rape, 1 count of involuntary deviate sexual intercourse with a person less than 16 years old, 2 counts of unlawful contact with minors, 1 count of aggravated indecent assault of a person less than 13 years old, 1 count of aggravated indecent assault of a person

3

less than 13 years old, and 1 count of endangering the welfare of children. *Id.* at 131, 141, 146.[3]

Anderson subsequently signed Board-proffered forms on November 9, 2017, through which he waived his rights to a parole revocation hearing and to counsel, and admitted that he had been convicted of these crimes. *Id.* at 167-69. Thereafter, on January 12, 2018, the Trial Court sentenced Anderson to an aggregate carceral term of 14 to 28 years in state prison. *Id.* at 189-92, 214-16. On February 13, 2018, the Board ordered Anderson to serve 48 months of backtime on his May 1991 sentence as a CPV, concurrent with the 6 months of TPV backtime the Board had previously imposed. *Id.* at 239-40. The Board gave Anderson credit for 1,223 days that he had been detained on the Board's warrant, which the Board identified as being between February 28, 2014, and March 20, 2014, and between June 12, 2014, and September 27, 2017, but gave Anderson no credit for time served at liberty on parole. *Id.* at 237-40. Finally, the Board determined that Anderson had 5,115 days left on his May 1991 sentence and, using January 12, 2018, as the date of his return to Board custody, recalculated the maximum date on this sentence as January 14, 2032. *Id.* at 237, 240.

On February 27, 2018, Anderson mailed an administrative remedies form and a "Request for Administrative Review" to the Board. In these documents, Anderson challenged the Board's February 13, 2018 decision on several bases. First, he argued that he had not received the correct amount of credit for time served in pre-sentence detention and, therefore, that the Board had miscalculated the new maximum date

---

[3] Anderson was also found not guilty of 1 count of unlawful contact with minors, 1 count of indecent assault of a person under 13, and 1 count of corruption of minors. C.R. at 115. The City's Office of the District Attorney elected to *nolle pros* the remaining charges against Anderson. *Id.* at 115, 125, 131, 141, 146.

4

on his May 1991 sentence. *Id.* at 241. Second, he alleged the Board had unlawfully extended his judicially imposed sentence by declining to give him credit for time served at liberty on parole, thereby violating the separation of powers doctrine. *Id.* at 244-45. Finally, he maintained that the Board had violated his due process rights by recalculating his aforementioned maximum date without giving him sufficient notice or holding a hearing. *Id.* at 245-46. The Board denied Anderson's administrative challenges on May 29, 2019. *Id.* at 256-58.

On June 25, 2019, Anderson filed a *pro se* Petition for Review with our Court. Therein, he argues that by denying him relief, the Board violated his due process rights and the United States and Pennsylvania Constitutions' prohibitions against double jeopardy. Pet. ¶¶2-3. In addition, Anderson claims that the Board abused its discretion by denying him credit for time served at liberty on parole. *Id.* ¶4. Finally, he maintains that Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1), which gives the Board discretionary authority to award credit for time served at liberty on parole in most circumstances, is unconstitutional because it allows the Board to extend a judicially imposed maximum date. *Id.* ¶5.

On July 8, 2019, we appointed the Public Defender of Forest County to represent Anderson in this matter. Cmwlth. Ct. Order, 7/8/19, at 1. Tyler Lindquist, Esquire, then entered his appearance on behalf of Anderson on February 4, 2020, and filed a Motion to Withdraw and a *Turner* letter that same day. On August 12, 2020, we denied Lindquist's Motion to Withdraw without prejudice, on the basis that it did not adequately address the issues Anderson had raised in his Petition for Review and administrative appeal paperwork, and ordered Lindquist to submit either an amended motion to withdraw or a brief in support of the Petition for Review. *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1206-07 (Pa. Cmwlth. 2020)

5

(*Anderson I*). At some point thereafter, and without informing this Court, Counsel replaced Lindquist as Anderson's legal representative in this matter.[4] Counsel then complied with our directive to Lindquist by filing her Amended Motion to Withdraw on December 3, 2021.

## II. Discussion

### A. Technical Sufficiency of Counsel's *Turner* Letter

Before addressing the validity of Anderson's substantive arguments, we must assess the adequacy of Counsel's *Turner* letter. Throughout this process, Anderson has only sought to challenge the Board's calculation of his maximum date, its denial of credit for time served at liberty on parole, and its alleged violation of his due process rights during the parole revocation process. For this reason, Counsel appropriately elected to file a *Turner* letter.[5] "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the

---

[4] It is unclear when or how Lindquist was replaced by Counsel as Anderson's legal representative, as Lindquist never formally withdrew from this matter and Counsel never entered her appearance of record. As best we can gather from the Motion to Withdraw and the Amended Motion to Withdraw, Anderson's case is being handled by Kinnear Law Office, LLC (Kinnear), a private firm, in the Public Defender of Forest County's stead. *See* Motion to Withdraw at 5; Amended Motion to Withdraw at 4. Lindquist was employed by Kinnear, but left at some point after he filed the Motion to Withdraw, while Counsel was hired by Kinnear after Lindquist filed the Motion to Withdraw, but prior to when she filed the Amended Motion to Withdraw. *See* Motion to Withdraw at 5; Amended Motion to Withdraw at 4. Thus, even though Counsel and Lindquist did not follow proper procedure with regard to entering or withdrawing their appearances in this matter, *see* Pa. R.A.P. 120, it remains that while the *lawyer* representing Anderson has changed, the *firm* that represents him has not.

[5] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), an attorney must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, because none of Anderson's claims implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

6

petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's *Turner* letter satisfies these technical requisites. It contains a recitation of the relevant factual and procedural history, a discussion of the arguments raised by Anderson, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Anderson a valid basis for relief. Amended Motion to Withdraw at 4-7.[6] Further, Counsel has appropriately provided Anderson with copies of these documents, notified Anderson about Counsel's intentions, and informed Anderson of his right to hire another lawyer to represent him in this matter or to represent himself *pro se*. *Id.* at 1-2.

B. Substantive Review of Anderson's Petition for Review

Consequently, we will proceed to an independent examination of Anderson's Petition for Review, in order to determine whether any of Anderson's claims are meritorious.[7] Before delving into the substantive merit (or lack thereof) of each

---

[6] Counsel's *Turner* letter is attached to her Amended Motion to Withdraw, but is not clearly marked as a separate exhibit. Therefore, we refer to both the *Turner* letter and the Motion to Withdraw as if they are one contiguous document.

[7] "Our scope of review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether **(Footnote continued on next page…)**

claim, we must note two things. First, Anderson did not see fit to raise his double jeopardy argument during the administrative appeal process before the Board. *See* C.R. at 241, 243-46. Nor did he broadly assert to the Board, as he does in his Petition for Review, that Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1), is unconstitutional, or that the Board abused its discretion by denying him credit for time served at liberty on parole. *See id.* "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). However, there is an exception to this rule, in instances where a petitioner raises "[q]uestions involving the validity of a statute." Pa. R.A.P. 1551(a)(1); *accord Lehman v. Pa. State Police*, 839 A.2d 265, 275 (Pa. 2003). ("In a facial challenge, a party is not required to exhaust administrative remedies because 'the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled'" (quoting *Borough of Green Tree v. Bd. of Prop. Assessments*, 328 A.2d 819, 825 (Pa. 1974))). As such, he has waived his ability to make those abuse of discretion and due process claims, but not his ability to challenge the constitutionality of 61 Pa. C.S. § 6138(a)(2.1). Second, Anderson does not mention two issues in his Petition for Review that he had previously raised in his administrative appeal paperwork. Specifically, these omitted claims are that the Board miscalculated the new maximum date on his May 1991 sentence, due to a misallocation of credit for time served in pre-sentence detention, and that the Board violated the separation of powers doctrine by declining to give him credit for street time. *See* Pet. ¶¶1-5. However, despite Anderson's decision to exclude these

constitutional rights were violated." *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008).

arguments from his Petition for Review, we must nevertheless consider their merits in the process of deciding whether to grant Counsel's Amended Motion to Withdraw. *See* Pa. R.A.P. 1513(d)(5) ("[T]he omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record."); *Anderson I*, 237 A.3d at 1207 ("[T]he identifiable issues raised at the administrative level are not waiv[able by a petitioner on appeal] until the substantive brief stage[.]").

Accordingly, we conclude that Anderson has presented four arguments that we must review at this stage: (1) The Board infringed upon his due process rights by pushing back the maximum date on his May 1991 sentence without giving him sufficient notice or holding a hearing; (2) The Board violated the separation of powers doctrine by unlawfully extending his judicially imposed May 1991 sentence; (3) 61 Pa. C.S. § 6138(a)(2.1) is facially unconstitutional, because it allowed the Board to extend a judicially imposed maximum sentence date; and (4) The Board incorrectly recalculated the maximum date on this sentence, due to an erroneous allocation of credit for time served in pre-sentence detention. Each of these arguments, which we address *seriatim*, is without merit. First, in order for the Board to provide constitutionally adequate due process, "[a] parolee 'must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.'" *Prebella v. Pa. Bd. of Prob. & Parole*, 942 A.2d 257, 262 (Pa. Cmwlth. 2008) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). However, a parolee may waive their right to such process as long as they do so in a knowing, intelligent, and voluntary manner. *Id.* at 261.

> In order to effectuate a knowing and voluntary waiver in . . . Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. . . . The waiver need not be effectuated in an on the record colloquy. . . . Rather, . . . execution of the Board's form is sufficient.

*Id.* (internal citations omitted). As already noted, Anderson signed Board-proffered forms in September 2017, through which he waived his rights to a parole revocation hearing and to counsel, and admitted that he had been convicted of numerous crimes. *See* C.R. at 167-69. Anderson does not argue that the Board failed to comply with its own regulations in securing these waivers, nor does he maintain that his decision to sign these forms, or his consequent waiver of rights, was not knowing, intelligent, and voluntary.

Second, it is well settled that the Board does not violate the separation of powers doctrine when it declines to award street time credit and consequently recalculates the affected violator's maximum date. *Davidson v. Pa. Bd. of Prob. & Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011). Simply put, "the . . . Board [does] not . . . unlawfully extend[] the term of [a] maximum sentence [through these actions], but . . . merely withdraw[s] from [a violator] credit for the time he was at liberty on parole, which the Board has the express authority to do under the [Parole Code]." *Com. ex rel. Ohodnicki v. Pa. Bd. of Parole*, 211 A.2d 433, 435 (Pa. 1965); *see also Young v. Com. of Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) ("[T]he . . . Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power.").

Third, for similar reasons, 61 Pa. C.S. § 6138(a)(2.1) is not facially unconstitutional. Per this statute, as it was written at the time of Anderson's parole violations,

10

> The [B]oard may, in its discretion, award credit to a parolee recommitted under [61 Pa. C.S. § 6138(a)(2)] for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g)(relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under [61 Pa. C.S. §] 6143 (relating to early parole of inmates subject to Federal removal order).

Former 61 Pa. C.S. § 6138(a)(2.1) (2013). Through the Parole Code, the General Assembly has imbued "the Board the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed. . . . Furthermore, the constitutional challenges to this procedure [have been] rejected by this Court[.]" *Knisley v. Pa. Bd. of Prob. & Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Moreover, this statute does not actually allow the Board to extend a judicially imposed sentence; rather, it merely enables the Board to require that a parolee serve all or part of that sentence, while simultaneously placing limits on the Board's discretion to award the parolee credit for time served at liberty on parole. *See id.* ("[I]n altering the expiration dates of sentences, the Board is not altering the total time to be served by a convict under a court-imposed sentence[.]").

Finally, the law in our Commonwealth provides that, in instances where

> a [parolee] is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges [that were lodged against him], the time which he spent in custody [must] be credited against his original sentence. If a [parolee], however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the

11

> new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Here, Anderson stated in his administrative appeal that he challenged the Board's recalculation of his maximum date, but confusingly appears to have done so because he believed the time he spent in pre-sentence custody should have been applied to his January 2018 sentence, rather than his May 1991 sentence. *See* C.R. at 241 (sentence credit challenge box is checked on administrative remedies form, coupled with statement that "[Trial Court] said the [4] years I have been back in state prison time is credited to the 14 to 24 year sentence [sic]"). Setting aside the fact that "[t]he Department [of Corrections, rather than the Board,] is [the] executive branch agency that is charged with faithfully implementing sentences imposed by the courts[,]" *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005), we conclude that the Board actually gave Anderson *too much credit* towards his May 1991 sentence for the time he was held prior to sentencing on his September 2017 convictions. As already noted, Anderson was confined between February 28, 2014, the date the Board issued its detainer warrant, and January 12, 2018, the date upon which he was sentenced. By contrast, Anderson was arrested on the new charges on March 19, 2014, but was released on his own recognizance regarding those charges on June 12, 2014. The Board reviewed this sequence of events and concluded that Anderson was entitled to 1,223 days of credit towards his May 1991 sentence for the time he had been detained solely on the Board's warrant, covering February 28, 2014, through March 20, 2014, and June 12, 2014, through September 27, 2017. Thus, though the Board did not shortchange Anderson through its calculations, it gave him one more day of credit towards his original sentence than he was entitled to receive, as he was arrested on March 19, 2014, not March 20, 2014.

### III. Conclusion

Accordingly, we grant Counsel's Amended Motion to Withdraw. In addition, we remand this matter to the Board for the sole purpose of correcting the aforementioned time credit calculation error and otherwise affirm the Board's May 29, 2019 order.

_____
ELLEN CEISLER, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durango Anderson, II, : 
                Petitioner : 
                : 
                : 
        v. : No. 813 C.D. 2019
                : 
Pennsylvania Board of Probation and : 
Parole, : 
                Respondent : 

# O R D E R

AND NOW, this 25th day of March, 2022, it is HEREBY ORDERED that Victoria Hermann, Esquire's Amended Motion to Withdraw as Counsel is GRANTED. It is FURTHER ORDERED that this matter is REMANDED to Respondent Pennsylvania Board of Probation and Parole (Board) for the sole purpose of properly recalculating, in a manner consistent with the foregoing opinion, the pre-sentencing time credit it awarded to Anderson and, in addition, that the Board's May 29, 2019 order is otherwise AFFIRMED.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge